IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-237-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| QUENTIN MARQUE HINES, | ) | |
| | ) | |
| Defendant. | ) | |

On February 8, 2010, Hines pleaded guilty pursuant to a plea agreement to (1) possessing with intent to distribute 5 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (count one), and (2) possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count three). See [D.E. 1, 30]. On September 8, 2010, the court held Hines's sentencing hearing and held Hines accountable for 11.7 grams of crack cocaine and 13,721.4 grams of marijuana. See Presentence Investigation Report ("PSR") ¶¶ 11, 48; Sentencing Tr. [D.E. 55] 11. Hines's total offense level was 23, and his criminal history category was VI. Sentencing Tr. 11; see U.S.S.G. § 2D1.1(c)(7) & cmt. n.10(B), (D) (2010). Accordingly, Hines had an advisory guideline range of 92 to 115 months' imprisonment on count one. See id.; U.S.S.G. § 5A (sentencing table). Hines's advisory guideline range on count three was 60-months' imprisonment consecutive to his sentence on count one. See Sentencing Tr. 11. After considering all arguments and the section 3553(a) factors, the court sentenced Hines to 108 months' imprisonment on count one and 60 months' imprisonment on count three, for a total term of 168 months. See Sentencing Tr. 38–50; [D.E. 56]. Hines did not appeal.

On May 4, 2012, Hines filed a pro se motion for a reduction of his sentence on count one under 18 U.S.C. § 3582(c)(2) and Amendments 750 and 759 to the United States Sentencing Guidelines [D.E. 67]. On March 4, 2014, Hines, through counsel, amended his section 3582 motion and asked for a new sentence on count one of 63 months' imprisonment [D.E. 76]. On March 13, 2014, the government responded that Hines was eligible for resentencing on count one [D.E. 77]. On April 21, 2014, the court denied Hines's motion for a sentence reduction [D.E. 78]. See [D.E. 67, 76]. On April 24, 2014, Hines appealed [D.E. 79]. On July 29, 2014, the United States Court of Appeals for the Fourth Circuit affirmed this court's order. See United States v. Hines, 580 F. App'x 155 (4th Cir. 2014).

On November 17, 2015, Hines moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 89]. Hines's new advisory guideline range on count one is 51 to 63 months' imprisonment, based on a total offense level of 17 and a criminal history category of VI. See Resentencing Report. Hines requests a 60-month sentence on count one. See id.; [D.E. 89] 2, 4.

The court has discretion to reduce Hines's sentence on count one under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Hines's sentence, the court remains convinced today, as it was

on September 8, 2010, that Hines received the sentence on count one that was sufficient but not greater than necessary under 18 U.S.C. § 3553(a). Cf. Sentencing Tr. [D.E. 55] 11-24, 38-50. The court recognizes its discretion to reduce the sentence on count one, but declines to do so given Hines's serious criminal conduct and serious criminal history, which includes convictions for breaking and entering (seven counts), possession of a firearm by a felon, felony sale of cocaine, and felony possession of marijuana. See PSR ¶¶ 7-25. Cf. Thomas, 546 F. App'x at 225-26; Perez, 536 F. App'x at 321; Smalls, 720 F.3d at 196-97; Stewart, 595 F.3d at 200. Hines also has performed poorly on supervision and has little work history. See PSR ¶¶ 39-45. Hines has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for failing to follow safety regulations, assault without serious injury, and being absent from assignment. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Hines received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Hines's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Hines's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105-06; Cole, 618 F. App'x at 178-79; Thomas, 546 F. App'x at 225-26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Hines's motion for reduction of sentence [D.E. 89].

SO ORDERED. This 30 day of April 2018.

JAMES C. DEVER III
Chief United States District Judge

3